**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Ryan J. Brown,

Plaintiff,

v.

Heidi Washington, *et al.*,

Defendants.

_____________________________/

Case No. 5:26-cv-11204

Honorable Judith E. Levy
United States District Court Judge

Mag. Judge Kimberly G. Altman

**OPINION AND ORDER PARTIALLY DISMISSING PLAINTIFF'S CIVIL RIGHTS COMPLAINT AND REFERRING THE REMAINDER OF THE COMPLAINT TO THE PRISONER MEDIATION PROGRAM**

Ryan J. Brown, who is currently a parolee and residing in Kalamazoo, Michigan,[1] filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 on March 12, 2026.[2] For the reasons stated below, the complaint is dismissed in part for failing to state a claim upon which

[1] The Court obtained this information from the Michigan Department of Corrections' Offender Tracking Information System ("OTIS"), https://mdocweb.state.mi.us/OTIS2/Profile, which the Court is permitted to take judicial notice of. *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004).

[2] *See Brown v. Washington*, No. 1:26-cv-811 (W.D. Mich. Mar. 12, 2026); (ECF No. 4, PageID.21.)

relief can be granted. The Court refers the remainder of the complaint to the Prisoner Mediation Program.

## I. Legal Standard

Plaintiff has been allowed to proceed without prepayment of fees. *See* 28 § U.S.C. 1915(a). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997). Although Plaintiff has now been released from prison, 28 U.S.C. § 1915(e)(2)'s screening provisions apply to non-prisoners as well as to prisoners. *Id.* at 608.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the

speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must show that: (1) the defendant acted under color of state law and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

## II. Background

Plaintiff claims that he was transferred to the Saginaw Correctional Facility around 7 p.m. on June 11, 2025. (ECF No. 1,

PageID.3.) Plaintiff claims that upon his arrival, he was sent to his housing unit and bumped his head while attempting to use the restroom. (*Id.*) His cellmate helped him sit on a stool but Plaintiff claims that a corrections officer ("C/O") entered the cell, handcuffed him, and took him to segregation. Plaintiff was charged with misconduct by Defendant C/O Morley. (*Id.* at PageID.4.) Plaintiff does not specify the misconduct charge brought but his complaint implies it was for assault or fighting. Plaintiff also claims C/O White failed to submit evidence that was relevant to his defense. (*Id.*)

Plaintiff claims that a few hours later he informed Lieutenant Garve that he had been placed in segregation for a false misconduct charge and wanted his hands photographed and to be taken to the medical unit for an examination. Again, his request was denied. (*Id.* at PageID.3–4.) Plaintiff also alleges that Defendant Garve threatened to "send him somewhere you ain't gotta worry about interaction with other inmates" because he had called the officers liars. (*Id.* at PageID.3.) Defendant Garve also denied Plaintiff's request for grievance forms. Plaintiff claims that eight hours later he was transferred to what Plaintiff describes as "level five segregation" by Defendant Garve in

retaliation for him attempting to exercise his constitutional right of access to the court, due process to evidence, and witnesses. (*Id.* at PageID.4.)

On June 17, 2025, a hearing was conducted on Plaintiff's misconduct ticket. (*Id.*) The misconduct charge was dismissed by the hearing officer because Defendants had failed to provide relevant documents to support the allegations. Plaintiff seeks monetary damages. (*Id.* at PageID.5.)

## III. Analysis

### A. Defendant Washington is dismissed

The complaint must be dismissed against Defendant Washington, the Director of the Michigan Department of Corrections, because Plaintiff failed to allege any personal involvement on the part of Washington with regard to the alleged unconstitutional deprivations. A supervisory official like Washington cannot be held liable under § 1983 for the misconduct of officials that the person supervises unless the plaintiff alleges that "the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it." *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th

Cir. 1984)). A plaintiff must show, at a minimum, that the supervisory official "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* "Supervisory liability under § 1983 cannot be based on a mere failure to act but must be based upon active unconstitutional behavior." *Id.* at 558 (citing *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).

The complaint must be dismissed against Defendant Washington, because the complaint does not allege that Washington had any direct involvement in the alleged violations of Plaintiff's constitutional rights. *See Sarr v. Martin*, 53 F. App'x 760, 761 (6th Cir. 2002). Any notice that Washington might have received through the prison's grievance system would be insufficient to make her personally liable for the alleged unconstitutional acts here. *Id.* at 761–62. Moreover, Washington's failure to take action on Plaintiff's complaint would be insufficient to render her liable for these unconstitutional actions under § 1983. *Combs*, 315 F.3d at 558.

**B. The false misconduct ticket claim is dismissed**

Plaintiff's claim that he was charged with a false misconduct ticket fails because "a prisoner has no constitutional right to be free from false

accusations of misconduct." *Bell v. Washington*, No. 22-2132, 2023 WL 6438597, at *4 (6th Cir. Sept. 29, 2023) (quoting *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003)). "[T]he filing of fabricated charges [against an inmate] do[ ] not constitute a deprivation of constitutional rights where the charges are subsequently adjudicated in a fair hearing." *Staub v. Nietzel*, No. 22-5384, 2023 WL 3059081, at *6 (6th Cir. Apr. 24, 2023) (quoting *Cromer v. Dominguez*, 103 F. App'x 570, 573 (6th Cir. 2004)). Plaintiff claims he was given a hearing on his misconduct ticket, at which time the misconduct charge was dismissed. Plaintiff suffered no actionable injury because the misconduct charge was dismissed against him. *See, e.g.*, *Taylor v. Carlize*, 172 F. App'x 589, 591 (5th Cir. 2006) (inmate did not suffer violation of any liberty interest when he received rules violation report that was allegedly not based on any prison rule and based on false evidence, where he was not restrained as result of violation and was found not guilty at the disciplinary hearing).

Plaintiff is also not entitled to relief on his claim that he was wrongly placed in segregation as a result of this false misconduct ticket. For an inmate to establish a due-process violation concerning placement in administrative segregation, a plaintiff must show that he suffered

restraint which imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Rimmer-Bey v. Brown*, 62 F.3d 789, 790–91 (6th Cir. 1995) (quoting *Sandin v. Conner*, 515 U.S. 472, 472 (1995)). Plaintiff's placement in administrative segregation for six days before a hearing was conducted does not rise to the level of a significant hardship that would entitle him to relief. *See Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 344 (6th Cir. 2014) (explaining that a prisoner's confinement typically must be "prolonged or indefinite" to "implicate due process considerations" and holding that sixty-nine days in segregation did not qualify); *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (sixty-one days in segregation did not violate prisoner's due process rights).

**C. Plaintiff's retaliation claim states a viable claim for relief**

Plaintiff also claims or implies that his segregation level was increased by Defendant Garve in retaliation for him exercising his constitutional rights.

"A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from

continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). However, "conclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)).

Placement in segregated housing is sufficiently adverse to satisfy the second element for a retaliation claim, *see Hill v. Lappin*, 630 F.3d 468, 474 (6th Cir. 2010). Plaintiff's claim that Lieutenant Garve transferred him to a more severe level of segregation unit, if true, could constitute an adverse action sufficient to deter a person of ordinary firmness. Plaintiff's retaliation claim survives screening.

**D. The denial of grievance forms fails to state a claim**

Finally, Plaintiff is not entitled to relief on his claim that Defendant Garve failed to provide him with grievance forms. "[T]here is no inherent constitutional right to an effective prison grievance procedure." *See Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001). In addition,

Michigan law does not create a liberty interest in a prison grievance procedure. *Id.* (citing *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)).

## IV. Conclusion

Plaintiff's claims against Defendants Washington, Morley, and White are DISMISSED for failing to state a claim upon which relief can be granted. Plaintiff's wrongful denial of a grievance claim is also DISMISSED for failure to state a claim upon which relief can be granted.

It is further ORDERED that the remainder of the case shall be referred to the prisoner mediation program.

IT IS SO ORDERED.

Dated: August 20, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 20, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager